IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY L. KEITH, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 3:CV-12-401 |
| | : | |
| MATTHEW D. FOGAL, | : | (Judge Conaboy) |
| | : | |
| Respondent | : | |

_____

# MEMORANDUM
## Background

Jeffrey L. Keith filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 regarding his ongoing detention in the Franklin County Prison, Chambersburg, Pennsylvania. The required filing fee has been paid. Named as Respondent is Franklin County District Attorney Matthew D. Fogal. Accompanying the Petition is a motion seeking injunctive relief. See Doc. 2. For the reasons outlined below, Keith's action will be dismissed without prejudice.

Petitioner describes himself as being a pretrial detainee. See Doc. 1, ¶ 4. Keith states that he is the subject of a "state criminal prosecution brought and being pursued in bad faith for purposes of harassing and punishing Petitioner for having exercised constitutionally protected rights."[1]  Id. at ¶ 5.

_____

[1] Documents accompanying the Petition indicate Keith was
(continued...)

1

Petitioner asserts that following his arrest he entered a not guilty plea and requested a preliminary hearing. See id. at ¶ 13. His petition adds that at his preliminary hearing the Commonwealth added a "trumped up charge." Id.

Petitioner further indicates that the pending criminal charges are being pursued in an effort to retaliate against him for appealing prior criminal convictions. As relief, Keith is requesting that the Commonwealth be enjoined from pursuing his ongoing prosecution.

## **Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be

---

   [1](...continued)
charges with assaulting a passenger in a car he was operating. Petitioner also indicates that the victim never requested that any criminal charges be filed.

dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Although "federal habeas corpus is substantially a post-conviction remedy," this Court still has limited jurisdiction under 28 U.S.C. § 2241(c)(3) to issue a writ of habeas corpus. See Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975). However, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." Id. at 443; see also, Calihan v. Superior Court, 158 Fed. Appx. 807 (9th Cir. 2005)( absent special circumstances,"[p]rinciples of comity and federalism" require abstention from deciding pre-conviction habeas challenges).

In Younger v. Harris, 401 U.S. 37 (1981), the United States Supreme Court "held that principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dep't., 973 F.2d 169, 173 (3d Cir. 1992).  The test for federal court abstention under Younger is whether "(1) there

are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Id.[2]

However, it is only when a habeas petitioner faces the threat of suffering irreparable harm that federal court intervention will be justified. See Dombrowski v. Pfister, 380 U.S. 479, 482 (1965); Coruzzi v. State of N.J., 705 F.2d 688, 690 (3d Cir. 1983). Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings." Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992). It has also been noted that the habeas corpus remedy afforded to state inmates under § 2254 was not intended "to argue state law issues pre-trial in a federal forum." Green v. Commonwealth of Pennsylvania, 1993 WL 239311 *3 (E.D. Pa. June 28, 1993).

There is nothing in Keith's petition which suggests that he cannot litigate the merits of his present allegations in his ongoing state criminal proceedings, or present his claims to the

---

2. Exceptions to Younger abstention may be made because of "a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff." Id.

Pennsylvania state appellate courts.  Petitioner's allegation of a retaliatory state criminal prosecution is troubling. Nonetheless, this pre-trial habeas corpus petition does not raise the type of extraordinary circumstances contemplated under <u>Younger</u>, thus, intervention by this Court is not warranted at this juncture.  This conclusion is bolstered by Petitioner's apparent failure to seek relief from the state appellate courts prior to seeking federal habeas corpus review. There is also no indication by Keith that his state criminal trial will not be timely conducted.

    Abstention is required in this case out of deference to the integrity of the state judicial process.  Consequently, the petition for writ of habeas corpus will be dismissed without prejudice.  An appropriate Order will enter.


                                         S/Richard P. Conaboy
                                         RICHARD P. CONABOY
                                         United States District Judge


DATED: MARCH 13, 2012